## Kinsley *against* Buchanan.

The acceptance of a note is not a relinquishment of a mechanic's lien.

ERROR to the common pleas of *Cumberland* county.

This was a *scire facias sur* mechanic's lien, by William Buchanan against John Zeigler, contractor, and Jacob Kinsley owner, in which the following special verdict was found.

John Zeigler was contractor for the erection of a dwelling house, in the borough of Newville, in said county, for Jacob Kinsley, the other defendant—and William Buchanan, the plaintiff, furnished and sold to the said Zeigler the various lumber mentioned in the account, or statement, filed as a lien, and upon which this *scire facias* issued, amounting to the sum of 96 dollars 75 cents, which was sold and furnished on the 21st of June 1834, (*prout* said account).   The said Zeigler paid the plaintiff 71 dollars on account thereof, some time before the 17th of September 1834.   On the aforesaid 21st of June 1834, the said Zeigler having a contract for the erection of another house, for a certain John Kinsley, in said borough of Newville, the plaintiff, Buchanan, furnished him with another bill of lumber for said last mentioned building, amounting to 83 dollars 76 cents; upon a settlement between the plaintiff and said Zeigler of both said

[Kinsley v. Buchanan.]

accounts; on the 17th of September 1834, there remained a balance due said plaintiff of 104 dollars 31 cents, for which the said Zeigler executed and delivered his single bill or sealed note, to the said plaintiff, in the following words and figures, viz.:

" $104 31—after this date I promise to pay to William Buchanan, or his lawful order, one hundred and four dollars and thirty-one cents, for value received.

Witness my hand and seal, this 17th of September, one thousand eight hundred and thirty-four.          JOHN ZEIGLER."

The lien upon which the plaintiff claims to recover, was filed on the 4th of December 1834, in the prothonotary's office.

Defendant, Kinsley, paid said Zeigler for the construction of the said house.

William Barr, Esq., was surety of Zeigler for the performance of his said contract with the said Kinsley.

If upon the foregoing facts the court shall be of opinion in favour of the plaintiff's right to recover in this suit, then judgment to be so entered in his favour for 25 dollars 75 cents, with interest from the 17th of September 1834, and costs of suit; but if they shall be of opinion that the plaintiff is not entitled, by law, to recover in this action, then judgment to be rendered for the defendant.

Upon which special verdict the court gave judgment for the plaintiff, William Buchanan.

Error assigned; The court erred in giving judgment for the plaintiff.

*Knox*, for plaintiff in error.

*Watts*, contra, cited Bantleon *v.* Smith, 2 *Binn.* 146; Gordon *v.* Correy, 5 *Binn.* 552 ; 2 *P. A. Browne* 297.

PER CURIAM.—Additional securities are, in their nature, cumulative; nor, where the parties have not expressly or impliedly so stipulated, is there any reason why the one should be a relinquishment of the other.    Accordingly, it has been determined, in one of the cases cited, that the acceptance of a bond is not an abandonment of a mechanic's lien.    That case is in point, and rules the present.

Judgment affirmed.