[PHILADELPHIA, FEBRUARY 4th, 1837.]

## BARNES *against* WRIGHT.

### IN ERROR.

1. Where a mechanic or material-man has made an agreement with a builder or architect, to furnish labour or materials for a building owned by a third person, such builder or architect, must be made a party to the *scire facias* upon the claim, by the act of 1808; and a *scire facias* against the owner alone, in such case, will be bad.
2. *It seems* that where a claim has been apportioned among several buildings, under the act of 1831, one *scire facias* against all the buildings for the whole amount, cannot be maintained.
3. *It seems* that a *verbal* notice will not affect a party, unless given to him in person.

ERROR to the Court of Common Pleas for the City and County of Philadelphia.

Robert H. Wright issued a *scire facias* in the Court below, against Eliza Barnes, upon a claim filed under the mechanics' lien-law. The claim was for bricklaying work done at two three-story

(Barnes *v*. Wright.)

brick buildings, adjoining each other in the city of Philadelphia. Annexed to the claim was the following bill and apportionment :

" Mrs. Eliza Barnes,

To Robert H. Wright, Dr.

1835, April 29th.—For bricklaying to two houses in a
court leading from Bird's court to Currant alley, in the
city of Philadelphia, betweed the 29th of April and the
23d of May, 1835,                                                   $56 12½
By cash,          -          -          -          -          -          13 00
                                                                   ─────────
Amount due,          -          -          -          -          $43 12½
                                                                   ─────────

The said R. H. Wright hereby apportions, agreeably to the pro-visions of the act of assembly, passed on the 30th of March, 1831, the amount of his. claim, among and between the said houses as follows : Against the first described house, he charges for half of the annexed bill, to wit, $21 56 ; and against the second described house, he charges for one-half of the annexed bill, to wit, $21 56 ; and he herewith files the said apportionment."

On the trial, it was proved that the defendant made a written contract with one William Page, a carpenter, to erect the two buildings at a stipulated price; he finding all the materials, and doing all the work of every kind : that Page, the contractor or builder, employed the plaintiff to do the bricklaying work in ques-tion, at two dollars per day: that the plaintiff was a master work-man, having men employed under him. Before making his contract with Page, he inquired of Mrs. Barnes, what kind of pay Page was, who stated that she did not know—that all she had to do, was with Page. Page superintended all the work, and gave instructions to plaintiff, and paid him $18 on account, during the progress of the building.

Page after the plaintiff had finished his work, left town, and never returned. After Page left town, the plaintiff made out a bill against him for the work done, and presented it to Mr. Dawson, the agent of the defendant, for payment. This bill was not against the buildings, but against Page personally, for days' work; and at the time of presenting it, the plaintiff inquired of Mr. Dawson, if he had any chance for a lien. Page also employed carpenters by the day, in the same way. The building was not finished by Page according to contract, but the defendant was obliged to employ another per-son to finish it. The defendant had overpaid Page, the amount contracted for.

During the trial, the plaintiff's attorney having proved that

(Barnes *v.* Wright.)

William M. Jones was in New York on a temporary visit, and that his family resided here, offered in evidence his notes of his testimony given before the arbitrators in this case; and at the same time, offered to prove that they were substantially correct. The correctness of the notes was admitted; but the evidence was objected to. The Court, however, admitted it, and the defendant's counsel excepted.

Jones testified that he served a notice on the defendant, on the 20th of November, 1835, of the time and measurement of the plaintiff's work—that he gave two notices; one a written, the other a verbal one.

The defendant's counsel then requested the Court to charge the jury as follows:

1. " If the plaintiff agreed to do the work under a personal agreement with Page, he is not entitled to recover here, but must look to Page.

2. If the plaintiff performed his work under a special agreement with Page, for a fixed sum, and agreed to accept of a particular mode of payment, he has no lien.

3. If the plaintiff was employed by Page by the day, he is a day workman, and has no lien.

4. That the payments made by Page to Wright, during the progress of the buildings, establish that the plaintiff looked to him, and not to the buildings for his wages.

5. If the plaintiff did the work upon the credit of Page, he is not entitled to recover here.

6. If the plaintiff did the work under an agreement with Page, the claim should have been filed against him, and not against the defendant.

7. That the evidence does not support the claim filed, and the plaintiff therefore, is not entitled to recover.

8. That the plaintiff cannot recover here, because the amount of his bill is apportioned separately between the buildings; and the *scire facias* has been issued jointly against both.

9. That the act of assembly does not authorise a *mechanic* to apportion the amount of his bill, against two or more adjoining buildings, but only a *material-man.*"

The Court, (RANDALL, J.) charged the jury as follows:

" 1. If the plaintiff agreed to do the work, and look to the personal responsibility of Page for the payment, he had no right to file a claim against the buildings, and consequently cannot recover in this action; but the burthen of proving such an agreement is on the defendant.

(Barnes *v.* Wright.)

2. The second point is similar to the first, and the law is as stated in the proposition.

3. It is only the principal of each branch or trade, that has a lien on the buildings for his labour—his journeymen labourers have none; but it makes no difference what the agreement may be, whether by the day or not; an agreement to receive a stipulated sum per day for his services, will not in itself, make the plaintiff a journeyman, so as to deprive him of his lien.

4. The payments made by Page to the plaintiff, do not conclusively establish that the plaintiff looked to Page for payment, and not to the buildings.

5. The law is so—if the plaintiff did the work upon the personal credit of Page, he cannot recover in this action.

6. The law is not so. If the plaintiff made an express agreement with Page, who was not the owner of the ground, still in filing his claim, he had a right to state it as against the owner, naming him, and making him defendant in the *scire facias*, as it is a proceeding *in rem*, and the judgment only binds the property described in the claim.

7. This is a matter of fact for the jury. If the plaintiff agreed to do the work by the day, he cannot have it measured. He cannot change the contract from a day contract, and charge the defendant with one by measurement; and he must credit the defendant with what he received on account from Page.

8 and 9. These are both matters of record, in which, if there is error, the defendant can have the benefit of it hereafter. A mechanic has a right under the act of assembly, to make an apportionment as the plaintiff has done, and the *scire facias* has issued properly against both buildings."

The jury having found for the plaintiff, the defendant took a writ of error; and assigned the following errors:

1. "The Court below erred, in admitting the testimony of William M. Jones.

2. The Court below erred, in charging that an agreement to receive a stipulated sum per day for his labour, would not make the plaintiff a journeyman, and deprive him of his lien.

3. The Court erred, in charging that if the plaintiff did the work under an agreement with Page, the builder, it was not necessary to file the claim against him, but it might be filed against the owner alone.

4. That the claim does not support the *scire facias;* as the claim is apportioned separately between the buildings, and the *scire facias* has been issued jointly against both.

5. That the act of assembly does not authorize a *mechanic* to apportion the amount of his bill, against two or more adjoining buildings, but only a *material*-man."

(Barnes v. Wright.)

Mr. *Isaac Norris*, for the plaintiff in error.

1. The notes of the evidence of Jones were improperly admitted; as he was absent only on a visit. In *Magill* v. *Cauffman*, (4 *Serg. & Rawle*, 317,) the witness *resided* in Ohio.

2. The plaintiff having contracted to work by the day, had no lien. *Hinchman* v. *Graham*, (2 *Serg. & Rawle*, 170.)

3. The act of 1806 is express, that the contractor must be made a party. The *scire facias* must follow the contract. *Howard* v, *M'Keown*, (2 *Browne*, 250.) *Pennock* v. *Hoover*, (5 *Rawle*, 291.)

4. 5. The plaintiff having apportioned his claim, cannot issue a joint *scire facias*. *Pennock* v. *Hoover*, (5 *Rawle*, 313); at all events the act of 1831 does not apply to the case of a *mechanic*.

Mr. *Hazlehurst, contra.*

1. The admission of the notes of the evidence of the absent witness is supported by the case of *Chess* v. *Chess*, (17 *Serg. & Rawle*, 409.) It did not appear how long Jones expected to be absent. [KENNEDY, J. I doubt very much whether a deposition regularly taken under a rule, can be read, when the absence of the witness is only temporary.]

2. Several of the points made here depend upon questions of fact, which were properly left to the jury. The lien of a mechanic, under the act of assembly, is *in rem*; and does not depend upon contract. *Lewis* v. *Morgan*, (11 *Serg. & Rawle*, 235.) *Savoy* v. *Jones*, (2 *Rawle*, 343.)

3. The apportionment of a claim is for the benefit of the owner as well as of the claimant. The reason of the act of 1831 applies as strongly to a mechanic as to a material man.

Mr. *Norris,* in reply.

The case of *Savoy* v. *Jones* is often cited in the courts below in support of claims for work done or materials furnished, without the consent of the owner of the building; and it is difficult to sustain it to the extent supposed.

[GIBSON, C. J.—The question involved in that case is an important one; and perhaps, it is not to be considered as definitively settled.

HUSTON, J.—We had a similar question at Pittsburgh recently; and declared that when a proper case arose, we would re-consider the decision in *Savoy* v. *Jones*.]

The opinion of the Court was delivered by

HUSTON, J.—The act of 1806 which gives the lien to mechanics and material men, does not prescribe the mode of enforcing such lien. The 2nd section of the act of 28th March 1808 provides, that a person having a lien filed according to the provisions of the act of 1806, may at his election proceed to recover it by personal

(Barnes *v.* Wright.)

action, according to the nature of the demand, against the debtor, his executors or administrators; or by *scire facias* against the debtor and owner of the building, or their executors or administrators; and where the proceeding is by *scire facias,* the writ should be served in like manner as a summons on the persons named therein, if they can be found within the county, &c.; or if they cannot be found in the county, and are not resident therein, by fixing a copy of the writ on the door of the building, &c.

This act contemplates that there may be a contractor, who has undertaken to complete the building; who has agreed for the materials and the work, and who is called the debtor, and may be the owner of the building; who is not personally or generally the debtor; but whose house may, by observing the provisions of those laws, be liable for the amount due to the mechanics who built it, or to those who furnished the materials.

There is great reason why the contractor should be made a party to the proceeding on *sci. fa.,* though the judgment and execution on it can only affect the house. He alone knows the persons who supplied the materials, the price at which they were to be furnished, and who did the work, and the price agreed on. If he contracted to finish the building for a certain sum, he may become liable to the owner, who has been compelled to lose his house or pay debts on it. Justice to the owner and to the contractor then requires, that the debtor be a party to the *sci. fa.* as well as the owner of the building; and this act is express, that he shall be a party; and prescribes even the mode of service on him.

The act of the 30th of March 1831, (§ 6,) provides, that " it shall and may be lawful for the person so finding materials as aforesaid for two or more adjoining houses, and other buildings built by the same person, owner of the same and debtor for the said materials, to file with the claim thereof an apportionment of the amount, &c.; and each of the said houses shall be subject to the payment of its proportional share of the debt contracted." There is nothing in this act contrary to the express provisions of the former; nor do I see any reason why, under it, the debtor as well as the owner of the building should not be brought before the Court on the *sci. fa.*

There may be cases in which it may be immaterial to the owner, whether the judgment on a *sci. fa.* on a lien apportioned among several houses, is joint against all or several against each for its apportionment; and where one or more of the buildings has been sold, it may be most material that each shall be liable for its own share. The act however is express, that each of said houses shall be subject to the payment of its apportioned share of the debt contracted; and it is not easy to see how this can be done on a joint *sci. fa.*: it was not, however, attempted in this case; for the judgment is joint against both for the whole amount.

The whole testimony, and claim and verdict, present a curious

(Barnes *v.* Wright.)

spectacle ; the claim is for work done between the 29th of April and the 23rd of May 1835.   The proof, all the proof, and the only proof was, that the plaintiff agreed to work by the day and at two dollars per day ; the testimony is, that he worked about three weeks ; he could not, by his claim or proof, have worked more than twenty or at most twenty-one days, which would be forty-two dollars ; yet his claim is fifty-six dollars, and he gave credit for thirteen dollars ; and it would seem, that there was proof of payment to him of eighteen dollars. Yet, without any proof to support it, he brings witnesses to prove his work worth sixty dollars ; and he has measurers who make it worth as much.   Proof was given, that a witness swore before arbitrators, that he served on Miss Barnes a written notice to attend a measurement on a Thursday, and nothing done on that day : he then served a parol notice to attend on Saturday.   This parol notice was served not on Miss Barnes, but on a servant girl.   Now it has not yet been decided, that a *parol* notice given to any but the party, is good ; and I hope, it never will be so decided.   All this evidence of estimated value, and measurement and notice was worse than irrelevant, unless the plaintiff had given some evidence of a contract other than by the day ; it was directly calculated to lead away the jury from a trial of the cause on its real merits.

In justice to the court below, however, I must state that none of the evidence except that of Jones to prove the notice, was objected to.

Judgment reversed.