4ws257
152    10

4ws257
159    307

4ws257
167    433

4 WS 257
25 SC ²306

4ws    257
f221    ⁴537

## Jones *against* Shawhan.

A terre-tenant of a house sought to be affected by the lien of a mechanic, is not a competent witness for the defendant upon the trial of a *scire facias* upon the lien.

A mechanic is not bound to file his lien against one who was not the owner when the building was commenced, but became so before the lien filed.

When the time at which materials were furnished is not set out in the lien filed, it may be shown by proof on the trial.

The acceptance of a note for the amount of the account of the mechanic, is not such a satisfaction as will prevent the filing of it as a lien; but if a receipt be given at the foot of the bill for the note "in full of, the above," it is evidence of satisfaction, which should be left to the jury.

One, who furnishes nothing but his superintendence and skill as an undertaker, has no right to file a lien for anything in pursuance of his contract as such.

A *scire facias* upon a mechanic's lien cannot be maintained for a claim apportioned among several buildings.

ERROR to the District Court of *Allegheny* county.

John Shawhan and William B. O'Skelton, trading in the name of John Shawhan & Co., against Henry W. Jones. This was a *scire facias* upon a mechanic's lien, which was thus set out:

"John Shawhan and William B. O'Skelton, partners under the firm of John Shawhan & Co., of the borough of Birmingham, carpenters and builders, claim in their own right the sum of $392.43, against all that certain frame house, consisting of two tenements, of which lien $196.43 is claimed against the northern tenement, and $196.43 is claimed against the southern tenement, two stories high; with two frame back parts or kitchens belonging to and making a part of the same, one story and a half high; situate in the borough of Birmingham aforesaid, on part of lot numbered 42, in John M'Donald's plan of Sidneyville, (which part of lot extends 40 feet on Centre street and runs back 63½ feet to Franklin street). The said house extends in front 32 feet on Centre street, and extends back 28 feet in all, viz., the front two story part 16 feet, and the back part or kitchen, one story and a half high, 12 feet square, with two porches, one to each tenement, each 12 feet long by 4 feet wide: for materials found, furnished, provided and delivered; and for work and labour done, performed and bestowed in and about the erection and construction of said building or tenements, within six months last past, a bill or statement whereof is hereunto annexed. They therefore require the prothonotary of the District Court of Allegheny county aforesaid, to enter and record the above as a lien or encumbrance, as well against the said Henry W. Jones, owner or reputed owner, as against so much of the lot of ground whereon the same is built and erected as may be suffi-

cient for the convenient uses of said building for the purposes for which it was designed: agreeably to the Acts of Assembly in such case made and provided."

Then followed a bill, the first item of which was the contract price, $725; and then a number of other items of extra materials furnished and work done, amounting to $66.39.

The plaintiff offered to give in evidence the measurement of the work made by an artist, in order to sustain his claim, the original agreement under which it was done having been lost.  The defendant objected to the evidence on the ground that it differed entirely from the lien as filed: but the court overruled the evidence and sealed a bill of exceptions.

The defendant offered James M'Turk, who had purchased one of the houses after the lien was filed, as a witness, to whom the plaintiff objected, and the court rejected him and sealed a bill of exception.

The court below, in their charge to the jury, thus distinctly stated all the facts of the case, the points of law raised upon them, and their opinion:

" It is not disputed that the plaintiffs erected the buildings on a contract, either written or verbal, with the defendant; nor is there any dispute as to the amount of plaintiffs' claim; nor is it disputed that when the lien was filed by plaintiffs, the two tenements had become the property of two persons, by purchase from the defendant, to wit: that one of them, then and now, is the property of Washington Richards, and the other of James M'Turk.  But it is objected by the defendant, who defends in fact for the purchasers, that this lien has not been entered according to law, not having been entered against the owners and contractors, and the *scire facias* having issued jointly against two several houses, owned in severalty by different persons.

The first question which arises in examining this point of defence is, whether the Act of Assembly required the names of the owners at the time the lien is filed to be made parties, or has reference only to the owner at the time the building was commenced.  This point has been reserved by the court, as there is no dispute who were the owners at the time of the lien filed; and for the purpose therefore of settling the other questions of fact arising in the case, the court instruct you (for the purposes of this case) that the plaintiff is not bound to look to any changes of ownership which have been made since he contracted to erect these buildings and began the work, nor need such owners be parties to the *scire facias* or lien filed.

The defendant, Jones, purchased the lot on which the building is erected from James M'Turk by article of agreement, and took possession of the property in August 1838.  On the 1st of September following he entered into an article of agreement with Washington Richards to sell him the northern half of the lot, and

[Jones v. Shawhan.]

to erect a two-story house thereon, (dimensions not stated), to be finished by the 1st of December. But the plaintiffs contend that the building was commenced and one contract made with them to find timber and erect the whole by Jones, while he was owner of the whole, and before the contract to sell to Richards; and that at the time of their entering into the contract with Jones and commencing the building, Jones was the sole owner in fact of the buildings to be erected, or of the ground on which they were to be erected. This is denied by the defendant, and is a fact for you to decide. If Richards, at the time of the commencement of the buildings under the contract with the plaintiffs, was owner of one lot, then it is admitted that the claims are not legally filed, as the proper parties are not on the record, and a joint lien could not be filed against the houses of two different owners, although the houses are two tenements under one roof, or one building divided into two houses. If you find this to be the case, your verdict should be for the defendant. If, on the contrary, this contract was made by Jones with plaintiffs, and the work begun while Jones was the sole owner or reputed owner, you will find for the plaintiffs, unless their claim should be defeated on some one of the grounds hereafter to be mentioned, which you will then have to consider.

The defendant objects that this is a joint claim for materials found and labour done; and that though the work was not finished till within six months before the lien filed, yet it does not appear but that the materials furnished had been furnished long before, and the Act requires that the lien for materials be filed within six months after they are furnished. But the plaintiffs, by one contract, agreed to furnish materials and do the work, and if you believe the witnesses, the very last things done were hanging doors, putting on hinges and locks, &c.; so that the furnishing materials was cotemporaneous with doing the work, and was not ended till the completion of the work. If so, this point of defence will not be sustained.

Another ground of defence is, that plaintiffs took defendant's note "*in full*" of his demand, and therefore the debt was satisfied and the lien gone. But it has been decided that taking the note of the owner for the balance due does not take away the lien of plaintiffs. The debt of the owner for the building is not thereby extinguished, although the note be receipted as "*in full*" of the bill. If the note of a third person had been taken in satisfaction of the debt, this would have amounted to a payment by agreement of the parties, and the defendant would have been paid, and of course the lien gone. But taking defendant's own note on settling the balance, is not such a satisfaction, although the receipt on the bill states the note to be in full of the bill.

Another point of defence has also been made as regards the house sold to M'Turk in the fall of 1839, shortly before or about the time the plaintiffs' lien was filed. It is contended that one of

[Jones v. Shawhan.]

the plaintiffs was present at the public vendue of this house, and gave no notice of his claim, but encouraged persons to bid for the property. It is true that if a person having a title or claim to property encourages another to buy and pay full value for the property without disclosing the claim, he will be postponed, as such conduct is fraudulent. It is in evidence that one of the plaintiffs was present when the auctioneer cried this property, and said that " the work was well done and the materials good ;" and that the purchaser inquired of one of the plaintiffs, before he purchased, whether they held any claim on the property, and that he was told that they did. It is for you to say upon the evidence, whether they concealed their claim and encouraged the purchaser to buy, or whether, when inquired of respecting it, they announced their intention of claiming their lien.

Another objection has been made that the lien should have been filed both against the *owner and contractor;* but suppose there is no contractor, or that the owner is the contractor, or the plaintiffs themselves the contractors with the owner, as is contended here, should the plaintiffs have no lien if the owner be contractor ? Or, if they contract with the owner themselves, should they name themselves as defendants as well as plaintiffs ? The absurdity involved is a sufficient answer to the point, as it is not pretended there are any other contractors about the building than the plaintiffs and the defendant himself."

The jury having rendered a verdict for plaintiff, the point reserved by the court was argued by counsel before the whole court. The jury having found for plaintiff on the facts submitted, have found that the defendant Jones was the owner of the property when he agreed to put up this building and commenced to erect it. That this building was divided into two separate tenements and sold to two several purchasers before the plaintiffs entered their lien, (of which fact the plaintiffs were cognizant), is admitted by the case. The question reserved then is, were the plaintiffs bound to make the alienees of defendant, (or in other words, the owners at the time the lien was filed), parties to the proceedings ? The court are of opinion the lien was well filed, and that the plaintiffs were not bound to make those alienees parties. The law requires the *scire facias* to be served on the person who holds or occupies the building. This was intended for notice to all persons interested by after-contract who may come in and defend, though not originally parties to the suit. Let judgment be entered on the verdict for the plaintiffs.

Errors assigned :

1. The court erred in permitting the bill of measurement proved by James Sterret to be given in evidence, it differing from the one filed.

2. In rejecting James M'Turk, who was offered specially in reference to the house of W. Richards.

[Jones v. Shawhan.]

3. In instructing the jury that the plaintiff was not bound to look to any change of ownership since he contracted to erect those buildings and began the work; nor need such owners be parties to the *scire facias.*

4. In instructing them that if this contract was made by Jones with plaintiffs, and the work begun while Jones was the sole owner or reputed owner, they should find for the plaintiffs, unless, &c.

5. In assuming as matter of fact that the plaintiffs, by one contract, agreed to furnish materials and do the work, and that the furnishing materials was cotemporaneous with doing the work, and was not ended till the completion of the work.

6. In instructing the jury that taking the note of the defendant, and giving a receipt at the foot of the bill in full, was not an extinguishment of the plaintiff's claim against the building; and that taking the defendant's own note on settling the balance was not such a satisfaction as took away the right to file a lien, although the receipt on the bill stated the note to be in full of the bill.

7. In their instruction to the jury in reference to the legal and equitable effect of the plaintiffs, or one of them, being present at the sale of the house to M'Turk, encouraging bidders, and giving no notice of their claim; and in not instructing the jury that if they believed the fact of plaintiffs' presence at the sale, and silence as to their claim, they could not recover.

8. In not instructing the jury, as contended for by the defendant, that the claim should have been filed against the owner and contractor; and that if they believed the evidence in this case, it was not so filed.

9. In their opinion on the point reserved, that the lien was " well filed," and that the plaintiffs were not bound to make the alienees (the owners at the time of the lien filed) parties of record.

10. In sustaining a joint *scire facias* against two claims entered against the several buildings.

11. In rendering judgment on the verdict.

*Hamilton,* for plaintiff in error. It is one of the first principles of evidence that the *probata* must agree with the *allegata.* Here the allegation of the plaintiffs was that the work was done for a special contract price, and the evidence was to support a *quantum meruit.* 6 *Serg. & Rawle* 521; 3 *Stark. Ev.* 1531, 1544. The witness offered was not interested, because he was not a party and could not be affected by the verdict or judgment. Tenants in common may be witnesses for each other. 7 *Serg. & Rawle* 194; 4 *Yeates* 420; 17 *Serg. & Rawle* 163; 3 *Term Rep.* 27; 4 *Watts* 62, 69. The Act of 16th of June 1836, section 11, requires that the claim be filed against the owner: which plainly indicates that he must be owner when the lien is filed. The object is to give notice to the person who is interested, and not to one who was once the owner, but whose interest has ceased. 5 *Whart.* 366.

Whether the note was received in payment and satisfaction, was matter of fact which should have been submitted to the jury. 15 *Serg. & Rawle* 163. This *scire facias* cannot be maintained, for the lien is clearly a joint one against two tenements, claiming a distinct amount against each; and if there be a recovery at all, it can only be a joint amount against both. 2 *Whart.* 193.

*Williamson, contra.* The witness had a direct interest in the result: it is begging the question to say that he will not be bound by the verdict. There is no indication given by the Act what owner is meant, and as a question of expediency and propriety, it should be the person who built the house. 5 *Rawle* 248. That the *scire facias* was joint can only be taken advantage of by plea in abatement; there was in fact but one building, although two tenements, and the jury so decided.

The opinion of the Court was delivered by

Gibson, C. J.—The exceptions to evidence are unfounded. The measurement of the work proved by Sterret, was competent, though different from the claim filed, inasmuch as the plaintiff could recover no more than the amount specified against a purchaser: and M'Turk was interested, because he was the terretenant of one of the houses sought to be affected by the judgment.

The direction that a claimant is not bound to file against one who was not the owner when the building was commenced, is not erroneous. The Act of 1803 provided for debts contracted by the owner, and consequently by him who was owner when the work or material was ordered. That Act was superseded, not to change this provision, but to provide for cases in which the debt has been incurred, not by the owner, but by a builder or contractor. Still, where the owner is himself the builder, the claim must be filed against him, as the person known to the creditor, and not his unknown successor in the title. Though a subsequent terre-tenant has intervened, the claim is necessarily to be filed against his predecessor; and why should there be another rule for a debt incurred by a contractor? As there is no reason for a difference, I take it, the name of the original owner may safely be used. But as the claim is against the building instead of the person, and as the name is only a circumstance of description to specify the property and give notice to purchasers, entire accuracy in regard to the ownership may not be indispensable; the more so, as the statute expressly requires no more than the name of the reputed owner, and it might be sufficient to file it against the past, or the present one. It is certain, however, that the name of the owner when the building was commenced, satisfies the requirement of the law. A creditor may have occasion to file one claim against several houses, apportioning to each its part of the general burthen; and how would he be able to dispose of the names of intervening purchasers

[Jones v. Shawhan.]

of separate interests? He ought not to be charged, in such a case, with the difficulty of discriminating; nor could he, perhaps, discriminate, for where the claim is a joint one, the ownership ought to be joint. But having filed his claim against the original owner, the *scire facias* must conform to it; nor is there a provision for bringing in a purchaser as a terre-tenant. In *Anshutz* v. *M'Clelland*, (5 *Watts* 487), a *scire facias* was held to lie against a lessee for years only when the claim has been filed against him as the person who employed the claimant. This, too, shows that the tenant of the freehold at the filing of the claim, is not necessarily the person to be named.

There was an apparent scarcity of evidence to fix the time when the materials were delivered; but it was ruled that it might be supplied by the evidence to fix the time when the work was done; and we think the matter was properly left on that footing to the jury.

But it was ruled that the acceptance of the owner's note in full of the bill did not discharge the building. It was determined in *Hart* v. *Boller*, (15 *Serg. & Rawle* 162), that a new note, without a fresh consideration, is not satisfaction of a preceding one, unless it has been accepted as such; of which, where there is evidence to raise the question, it is the business of the jury to judge, insomuch that it is error to withdraw the decision of it from them; and such is the result of all the cases. Then if a note may be thus discharged, so may any other simple contract debt; and if the bill was agreed to be paid, in this instance, by the owner's note, there was an end of it as a foundation of claim against the property. It is true that in *Kinsley* v. *Buchanan*, (5 *Watts* 118), the acceptance of a note without an express stipulation, was not deemed a relinquishment of such a lien; and it is also true that a change in the form of the personal security, will not, of itself, found a presumption that the note was received as an equivalent for the security afforded by the person and property together. The presumption is that a larger security is not exchanged for a smaller one, but the creditor may nevertheless choose the smaller, when, for instance, it is in a more marketable form; and of the evidence of choice the jury are to judge. By the receipt at the foot of the bill, it appeared that the plaintiff had accepted the owner's note "in full of the above;" which certainly was evidence to rebut the presumption, and ought to have been left to the jury.

Whether one of the plaintiffs who was present when the property was subsequently sold, had encouraged a bidder who purchased and is now a party in interest, was properly submitted as a question of fact. The claim might have been postponed by positive encouragement; but a mere omission to proclaim it when the plaintiff had given all the notice of it which the law required, would not have had the same effect. The claimant merely said

[Jones v. Shawhan.]

the work was well done; and this, if said with truth, was no more than he had a right to say.  But it was also in evidence that the claim had been positively asserted.

In a case like this, where the claimants were themselves the contractors, it is not easy to comprehend the prayer for direction, that a claim can be filed only against the claimant and the contractor together.  If it be meant to show that the plaintiffs had no right to file a claim at all, it was properly put; for it is he who has found the labour or material, and not he who has ordered it, that is entitled to the lien.  Were the contractor, as well as the mechanic or material men, allowed to file, there might be double liens and possibly double recoveries, which the law does not tolerate.  By reason of the novelty of the subject, it happened that the first act fell short of the object in omitting to secure those who, bargaining with a middleman, had not an opportunity to secure themselves, (*Serg. on Mech. Liens* 2), in consequence of which it was displaced by the Act of 1806, which provided for those who directly furnished materials and labour, and not for the middleman, who took his own security and furnished nothing but his superintendence and skill as an undertaker.  Indeed so different is his position as a contractor, from that of a claimant, that his name is required to be inserted in the claim as a respondent.  The plaintiffs, therefore, had no right to file for anything furnished pursuant to their contract as undertakers; though they might have done so for any additional work or materials directly furnished by themselves.

The remaining point is disposed of by *Barnes* v. *Wright*, (2 *Whart.* 193), in which it was ruled that one *scire facias* cannot be maintained for a claim apportioned among several houses.  The object of the present writ is to have joint execution of an apportioned lien on distinct dwellings; and had there been a demurrer, or motion in arrest of judgment, it must have prevailed.  Even now, the want of a cause of action is assignable for error; and the judgment might be reversed for that alone.

Judgment reversed.