# Keim, Appellant, v. McRoberts.

*Mechanic's lien—Contractor Subcontractor—Parties.*

An assignee of a mechanic's lien filed by a contractor has a standing to object to the validity of a lien filed by a subcontractor.

*Mechanic's lien—Character of building—New structure—Alteration and repairs.*

The material covenants of a building contract are binding upon those who deal with the contractor. Subcontractors are bound to inquire into the nature of the building, whether it is large or small, what labor and material are reasonably required for the execution of the contract; and if the work involves changes in an old building, they must investigate as to the

nature and extent of such changes. The fact that the building is referred to in the contract as a new structure, or as an alteration, is not conclusive; the question as to whether the building is a new structure or an alteration is to be determined according to the fact.

The court of common pleas cannot be convicted of error in holding a building to be a new structure where the appellant has failed to print in his paper-book any evidence, and even the contract under which the work was done.

*Mechanic's lien—Contractor—Conflicting claims of contractor and subcontractor.*

Where a fund is insufficient to pay the liens of both the contractor and subcontractor, the claim of the contractor will be postponed to that of a subcontractor.

Argued April 11, 1901. Appeal, No. 118, April T., 1901, by James A. Wilson, from decree of C. P. No. 2, Allegheny County, July T., 1900, No. 10, sustaining exceptions to auditor's report in case of G. S. Keim, Agent, v. James McRoberts and Fidelity Title and Trust Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to report of M. C. Acheson, Esq., auditor. The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court.

*R. A. Balph*, with him *James Balph*, for appellant.

*H. E. Carmack*, with him *A. W. Duff*, for appellee.

OPINION BY W. D. PORTER, J., July 25, 1901:

The fund for distribution was realized from the sale of the real estate of James McRoberts, by the sheriff. The claimants now contending are mechanic's lien creditors. Keim agreed with McRoberts to furnish the labor and materials involved in a certain building operation, which in the written contract was denominated "an addition to a store room." The work was completed and Keim filed a lien for "work done and materials furnished within six months past for and about the construction of an addition to a one story frame building." A scire facias was issued upon this lien and judgment obtained for the

sum of $751.92.   A part of this lien and judgment was assigned to Wilson, the appellant.  McDowell & Son were subcontractors under Keim, and filed their lien as "for the erection and con- struction of a building," under the act of 1836.   In regard to this lien no attempt was made to comply with the provisions of the Act of May 18, 1887, P. L. 118, relating to liens for addi- tions to existing buildings.   No judgment had been obtained upon this lien at the date of the sale by the sheriff.

Wilson, who as assignee stood in the shoes of Keim, objected to the allowance of the claim of McDowell & Son upon the ground that they had not given notice of their intention to file a lien as required by the act of 1887, and had not filed their lien under the provisions of that act.   The very able auditor held that Wilson was in position to make this objection, and we are of opinion that the ruling was correct.   It is conceded by the appellee that Wilson had succeeded to any right which Keim might have asserted, and it may be conceded that the rights of the former rose no higher than those of the latter.   Keim was the contractor and the claim of McDowell & Son was for labor and materials which he had ordered, and for which he was the real debtor, but by observing the provisions of the statutes it was within the power of McDowell to render the property of the owner liable for the claim.   If a builder contracts to finish a building for a certain sum, he may become liable to the owner, who has been compelled to lose his house or pay liens upon it. Justice to the owner and to the contractor then requires that the latter as well as the former shall be a party to the lien and the scire facias;  and the law requires that it shall be so: Barnes v. Wright, 2 Wharton, 193 ; Richards v. Reed, 1 Phila. 220. The allowance of any lien at all to a subcontractor is a special privilege.   It is a creature of statute alone ; a special remedy given by special favor, to a meritorious class of creditors whose claims fall within the terms of the statute.   If the claim be not one for which the statute has given a lien, then no lien ever exists, if the statute imposes conditions precedent to the crea- tion of the lien, the burden is upon the claimant to show that he has performed the conditions.   The debt is that of the prin- cipal contractor, the law gives a peculiar remedy, which inci- dentally involves a charge upon the land of a third party, but it is incumbent upon the creditor to show that his claim is

within the purview of some statute and that it has been asserted in a manner free from jurisdictional irregularities. If he fail to do this, his right to this extraordinary remedy may be challenged by the ultimate debtor, the contractor, or by the owner upon whose land the debt is sought to be charged.

The learned judge of the court below differed with the audior as to the right of the contractor to attack the validity of the lien, but did not base his judgment upon that ground. He held that, conceding the right of the appellant to question the validity of the lien, the building was a new structure and the lien was properly filed under the act of 1836. The result of this was to reverse the auditor, who had disallowed the claim of McDowell, for the reason that notice had not been given in accordance with the act of 1887. The point of divergence of the rulings of the court and the auditor was in the determination of the character of the structure. Was the building which resulted from carrying the contract into execution a new structure, requiring the liens to be filed under the act of 1836; or was it a case of addition, alteration or repair, subject to the provisions of the act of 1887 ? The auditor did not base his finding upon the actual condition of the building resulting from the changes, but held that the term by which the operation had been designated in the written agreement between the owner and the contractor was determinative of the question. In support of this ruling he relied upon Schroeder v. Galland, 134 Pa. 277. In that case it was held that the subcontractor is chargeable with notice of all the terms and stipulations of the contract between the owner and the builder, and the auditor concluded, therefore, that Mc-Dowell was bound by the judgment of the contracting parties as to the nature of the building operation with regard to which they were dealing. The material covenants of the original contract are undoubtedly binding upon those who deal with the contractor ; subcontractors are bound to inquire into the nature of the building, whether it is large or small, what labor and materials are reasonably required for the execution of the contract; and if the work involves changes in an old building they must investigate as to the nature and extent of such changes. Since the passage of the Act of June 26, 1895, P. L. 369, they are not affected by a covenant against liens unless the provisions of that legislation are complied with, but when the right

of lien exists it must be asserted, in order to be effective, in accordance with the provisions of the statutes. It is the law and not the contract which gives the lien. The nature and character of the changes in an old building must determine the question whether it is a case of addition and alteration, or a transformation of the old into a new structure, new in its main mass. When there is no dispute as to what changes have been made, the question is for the court. The parties determine by their contract what changes shall be made, but it is not for them to say under what act liens shall be filed. The contract may involve the mere putting on of a new roof and may refer to the work as an erection of a building, but a lien could only be filed as for a repair; or it might designate the operation as an "alteration," while the covenants and specifications require the absolute destruction of the old building and the erection of an entirely new structure, which the law would hold subject to a lien under the act of 1836. The designation given to the operation by this contract was a mere expression of the opinion of the parties, and does not control. The question is to be determined according to the fact. The contract of the parties in Armstrong v. Ware, 20 Pa. 519, called the work "additions and alterations," yet it was held to involve the erection of a new building. The reason accepted by the auditor was, therefore, not conclusive of the question.

The learned judge of the court below found as a fact that the building was a new structure, sustained exceptions to the auditor's report and decreed a new schedule of distribution. This is a definite finding, and we cannot assume that there was no evidence to support it. The appellant has in his paper-book printed no evidence, not even the contract under which the work was done. We certainly would not be warranted in convicting the learned judge below of error, without considering the evidence upon which the finding is based.

This leaves for consideration the conflicting claims under the mechanic's lien filed by the contractor and those filed by the subcontractors who dealt with him, upon a fund which is insufficient to pay all. When a contractor files his lien he is supposed to file it for the full amount due him, which is all that the owner ought in justice to be required to pay. If the contractor has failed to pay those from whom he bought ma-

terials he has included in his lien the amount of these claims, and the material men also are entitled to file liens, and, if they do so, we have a case of double liens which was deprecated in Hoatz v. Patterson, 5 W. & S. 537. When the liens of the subcontractors are valid the owner may pay them and is to that extent entitled to a credit upon the claim of the contractor, or if this involves an overpayment he is entitled to recover from the contractor the amount of the excess. The owner and those who claim under him have a right to demand that the valid liens of subcontractors shall be discharged before the contractor shall compel payment of his claim. The contractor is the ultimate debtor of and personally liable to the subcontractors, their lien upon the fund is a security for his debt. To award the fund to the contractor would be to pay him for materials which his subcontractors have furnished. The distribution of the fund to all the liens pro rata might involve a payment to the contractor, taken in connection with the dividend to the subcontractors, of more than he was entitled to receive. This would leave the owner to his remedy against the contractor for the amount received by the latter in excess of the contract price, and the subcontractors would be compelled to bring their actions against the contractor for the balance of their claims. The equities arising out of these claims are to be, so far as possible, adjusted in this proceeding, in order to avoid circuity of action. The claim of the contractor is to be postponed to the liens of the subcontractors, upon the face of the records of which he is the primary debtor: Babb v. Reed, 5 Rawle, 151, and Lay v. Millette, 1 Phila. 513.

The judgment is affirmed.