## Seibert et al. v. Glasser Hosiery Company.

*Mechanics' liens — Real estate — Heating system—Conditional sale—Contract—Right to lien.*

1. Where one furnishes a heating plant for a building in course of erection, the fact that he executes a conditional sale contract with the owner of the building, reserving title to the heating plant until paid, does not preclude him from filing a mechanic's lien against the real estate. Such a condition in a contract is but additional security to the vendor and does not affect his right to a lien upon the property, nor does it constitute a waiver of that right.

*Mechanics' liens—Materials furnished for new building—Lien filed against whole plant.*

2. A mechanic's lien filed against a tract of land, with buildings thereon, constituting a hosiery plant, will not be stricken off on the ground that the materials were furnished for only one new building, where it appears that all of the buildings, including the new one, were on the same tract of ground, belonged to the same owner, and were so related to each other as to subserve a common purpose, and together comprised the hosiery plant.

Rule to strike off mechanic's claim. C. P. Berks Co., April T., 1921, No. 9, M. L. D.

*E. H. Deysher* and *Edgar S. Richardson*, for plaintiffs.

*Snyder, Zieber & Snyder,* for defendant and rule.

WAGNER, J., March 6, 1922.—The plaintiffs filed a mechanic's lien against the defendant's property for the sum of $3029.10. The defendant asks that it be stricken off for two reasons. The first reason is that the claim is defective upon its face, in that it affirmatively appears therein that the principal item of the claim is for the furnishing and installing of a certain Webster vacuum system of steam heating, and that said system was installed by the said claimant under a certain conditional sales agreement bearing date of July 24, 1920, wherein and whereby the claimant retained title to the right of possession to the same until fully paid for in cash, and not upon the faith and credit of the structure or building, as is formally averred in the statement.

The part of the agreement referred to is: "The title and right of possession to the machinery remains in the vendor and shall be deemed personal property until the same has been fully paid for in cash. The purchaser agrees to do all acts necessary to perfect and maintain the above title and right."

There is no allegation that the materials furnished and the work done were not in accordance with the claim as filed. Therefore, "it is presumed that the materials were furnished or the work was done on the credit of the building, and the burden is upon the defendants to show that this was not the case:" Green & Co. v. Thompson et al., 172 Pa. 609, 610.

The defendant contends that because plaintiffs have retained title in accordance with the clause in the agreement under which the material was furnished and the work done, this in itself rebuts the presumption that the material was furnished and the work done on the credit of the building.

It has been repeatedly decided that the taking of notes or of a bond is not a waiver of the right to file a lien: Kinsley v. Buchanan, 5 Watts, 118; Jones v. Shawhan, 4 W. & S. 257; Guckert v. Hacke et al., 159 Pa. 303; Dougherty & Co. v. Bash, 167 Pa. 429; Scott Manuf. Co. v. Morgan, 217 Pa. 367. In American Car and Foundry Co. v. Water Co., 221 Pa. 529, 537, we have: "As a general principle, the taking of the notes of the contractors for the amount due to the materialmen would not of itself effect a relinquishment of the right to file a lien. This was decided in Kinsley v. Buchanan, 5 Watts, 118, where it was said (page 119): 'Additional securities are in their nature cumula-

Seibert et al. v. Glasser Hosiery Company.

tive; nor, where the parties have not expressly or impliedly so stipulated, is there any reason why the one should be a relinquishment of the other. Accordingly, it has been determined in one of the cases cited that acceptance of a bond is not an abandonment of a mechanic's lien. The case is in point and rules the present.' To the same effect are Jones v. Shawhan, 4 W. & S. 257; Odd Fellows' Hall v. Masser, 24 Pa. 507; Shaw v. Church, 39 Pa. 226; Noar v. Gill, 111 Pa. 488." In 27 Cyc., 276, the principle is stated: "The fact that one who furnishes materials for improvements on land retains the title to the materials until they are paid for does not deprive him of the right to a mechanic's lien." In The Pearl, 189 Fed. Repr. 540, we have (page 542): "It is settled that the retention of title to the engine until the debt was paid does not prevent the statutory lien from attaching. In C. & A. R. R. Co. v. Union Rolling Mills Co., 109 U. S. 702, 721, 3 Sup. Ct. 594, 27 Law Ed., 1081, this contention was made. The court quotes with approval this language from the Supreme Court of Illinois in Clark v. Moore, 64 Ill. 270: 'The lien (statutory lien) attaches to and incumbers the property, to improve which the material is furnished, and the effort to acquire a more specific and exclusive lien thereon in no wise manifests an intention to release the property from all liens and look to other security for payment; but it shows the very opposite intention; an intention to hold, if possible, the property liable for the payment of their claim:' 20 Am. & Eng. Ency. of Law, 500; 27 Cyc., 276; The Thomas Morgan (D. C.), 123 Fed. Repr. 781." Also, in M. A. Phelps Lumber Co. v. McDonough Manuf. Co., 202 Fed. Repr. 445, a case of a mechanic's lien, we have (pages 447 and 448): "It is contended that the appellee waived the right to claim a mechanic's lien by inserting in the contract the condition that the machinery and property supplied should remain its property until fully paid for. To sustain their contention, counsel cite authorities to the proposition that by agreement between the parties personal property may be made to retain its character as such, notwithstanding that it be attached to the realty, and that such an agreement may be implied from a conditional sale, and decisions are cited which determine the respective rights of the contracting parties and third persons as to property so conditionally sold and attached to real estate. Those authorities are all aside from the question which is before us. The question here is whether the appellee's right to claim a mechanic's lien has been waived by the terms of the contract. The authorities are uniform in holding that such a condition in a contract is but additional security to the vendor, and does not in any way affect his right to claim a mechanic's lien upon the machinery and the property to which it may have become attached as part thereof: Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 111 Fed. Repr. 81, 49 C. C. A. 229; Salt Lake Hardware Co. v. Chainman Min. & Elec. Co. (C. C.), 128 Fed. Repr. 509; Case Manuf. Co. v. Smith (C. C.), 40 Fed. Repr. 339, 5 L. R. A. 231; C. & A. R. R. Co. v. Union Rolling Mill Co., 109 U. S. 702, 3 Sup. Ct. 594, 27 Law Ed., 1081; Cooper v. Cleghorn, 50 Wis. 113, 6 N. W. Repr. 491."

The plaintiffs, by the insertion in the clause of their agreement to retain title to the machinery, cannot, *prima facie*, be said to have waived their right to file a mechanic's lien.

The second reason assigned by defendant why the lien be stricken off is that the claim is defective upon its face, in that it affirmatively appears therein that the only new erection by the defendant was a three-story brick factory building having a frontage of 100 feet, with a uniform width of 40 feet, while the lien is claimed and filed not only against this new structure and the lot of ground immediately appurtenant thereto, but against the fol-

Seibert et al. *v.* Glasser Hosiery Company.

lowing additional older buildings, namely, a three-story brick building, 51 feet by 86 feet 6 inches; a three-story brick building, 16 feet by 20 feet; a one-story iron building, 21 feet by 21 feet 6 inches; a two-story frame building, 14 feet by 18 feet; a one-story brick building, 12 feet by 34 feet, and a one-story brick building, 20 feet by 60 feet.

The mechanic's lien filed shows that all of these buildings are upon a lot of ground on Thirteenth Street, Reading, Pa., having a frontage on Thirteenth Street of 141 feet and a depth eastward along Muhlenberg Street of 180 feet, more or less. The claim also specifically states that this new brick building, three stories in height, 110 feet in length and 40 feet in width, is used, in connection with the other buildings of the defendant company, as an entire hosiery plant.

The defendant claims that this lien should have been filed only against the new building and, as we understand it, the lot of ground upon which this building immediately stands. In 1 Law of Liens in Pennsylvania (Trickett), § 35, page 37, we have: "If several buildings are standing on ground belonging to the same owner, and so related to each other as to subserve a common purpose, a lien for debts contracted in the erection of one extends to the others, and the building out of whose erection the liens arise may be either the principal or a subsidiary building." In Lauman's Appeal, 8 Pa. 473, where the question under a mechanic's lien arose whether an apportionment was necessary, we have (pages 477 and 478): "But the reason of the enactment shows it was intended to apply only to the case of separate and distinct erections, capable of, and intended for, a distinct possession and enjoyment. Looking to the mischief to be remedied, it is very obvious the statute has no reference whatever to the necessary buildings of a farm forming component parts of a common property, and which, for every beneficial purpose, must be occupied as one possession. The dwelling-house, barn, wagon-house and other similar erections are but appendages of the farm, the principal thing, and built expressly with a view to its more perfect enjoyment. They are, therefore, to be considered as constituent parts of a whole, incapable of separation without injury, and, consequently, were intended for a several occupation." In Nelson *v.* Campbell, 28 Pa. 156, it is held: "It is not necessary that a new building erected should be distinct from, and independent of, older buildings in order to sustain a lien for work done and materials furnished towards the erection and construction of the building." In Linden Steel Co. *v.* Rough Run Manuf. Co., 158 Pa. 238, a materialman furnished steel to be used in the construction of pans in the pan-house in the salt works. The lien was filed against the buildings and ground covered thereby, and so much other ground immediately adjacent thereto and belonging to said company as was necessary for the ordinary and useful purposes of the same. The second question that arose in that case (page 244) was whether a claimant in a mechanic's lien could recover against several separate buildings and structures on proof that the material was furnished to but one building distinct from the others. In deciding this in the affirmative, the Supreme Court says (page 245): "As to the second assignment, the lien is filed against the 'Rough Run Manufacturing Company, known as the Rough Run Salt Works, and against the buildings and ground covered thereby, and so much other ground immediately adjacent thereto and belonging to said Rough Run Manufacturing Company as may be necessary for the ordinary and useful purposes of the same.' This is, in effect, an averment that the whole of the buildings and machinery, including the pan-house, constituted one plant, the works of the salt manufacturing company. The evidence indisputably established this. Then, in the third

specification of the lien, the land is described and each building is named, as well as the different kinds of machinery.  To this is appended an accurate map of the premises, which is referred to and made part of the lien.  We have decided in many cases that this is a good lien: Short *v.* Miller, 120 Pa. 470; Short *v.* Ames, 121 Pa. 530; Linden Steel Co. *v.* Imperial Refining Co., 138 Pa. 10."  In Wirsing *v.* Pennsylvania Hotel and Sanitarium Co., 226 Pa. 234, it is held: "By the Act of June 4, 1901, P. L. 431, curtilage, to be regarded as appurtenant to a building and bound by a mechanic's lien filed against it, is 'such as is reasonably needed for the general purpose' for which the structure is erected, and belongs to the same owner.  As a rule, curtilage does not extend beyond the lot on which the building is erected; but when more land is reasonably needed for the general purpose of the structure, and at the time the same is being erected the owner of it intends that another lot, in addition to the one on which it is being built, shall be included in the curtilage and constitute a part of the same, it is reasonable that a mechanic's lien should extend to both."  In Schively *v.* Radell, 227 Pa. 434, we have (page 442): "The word 'plant' is used in this section (referring to section 3, Act of 1901) in its commercial sense, as we have held, and is to be given its ordinary sense of property owned or used in carrying on some trade or business: Todd *v.* Gernert, 223 Pa. 103."  See, also, Union S. & B. A. of West Phila. *v.* Vahle, 235 Pa. 435.  For neither of the two reasons assigned can the lien be stricken off.

Rule entered in this case is discharged.

From Wellington M. Bertolet, Reading, Pa.