## Hossack v. Landy Towel & Service, Inc.

*W. Hensel Brown*, for rule.

*Appel, Ranck, Levy & Appel*, contra.

JOHNSTONE, J., April 6, 1956. — On January 29, 1955, plaintiff filed its mechanic's lien claim for $2,-700.01 against Landy Towel & Linen Service, Inc., and certain premises situated on the north side of Ranck Mill Road in Lancaster Township, Lancaster County, for materials furnished in the construction of a building and a dwelling. Notice of the filing of the mechanic's lien claim was served on defendant, Landy Towel & Linen Service, Inc., on February 1, 1955. On September 2, 1955, plaintiff issued a scire facias sur mechanic's lien in which the Landy Towel & Linen Service, Inc., was named as the owner defendant, and Austin E. McCollough, Esquire, trustee in bankruptcy for Roy L. Wade, as the contractor defendant. The required affidavit under the Act of 1933 was also filed with the praecipe for the writ of scire facias. Service of the writ and the affidavit were made by the Sheriff of Lancaster County on the contractor defendant, and service was accepted by counsel for the owner defendant. An affidavit of defense to the writ of scire facias sur mechanic's lien claim was filed in due time by Landy Towel & Linen Service, Inc.

After this case appeared on the trial list, the contractor defendant filed his petition praying that a rule be granted on plaintiff to show cause why he should not be discharged as a defendant. The petition avers that Roy L. Wade was adjudicated a bankrupt on January 14, 1955, and Austin E. McCollough was appointed his trustee in bankruptcy on January 25, 1955, four days before plaintiff filed its mechanic's lien claim, that the bankrupt listed plaintiff in his schedule as an un-

secured creditor in the amount of $6,066.88, and defendant, Landy Towel & Linen Service, Inc., as a debtor in the amount of $2,330.42, that the first knowledge the contractor defendant had of the mechanic's lien claim filed by plaintiff was when he was served by the sheriff in the scire facias proceeding and that for the reasons stated in the petition, the contractor defendant should be discharged as a defendant in this suit. A rule to show cause was granted on the contractor defendant's petition and the matter is now before this court on that rule.

The first reason assigned by the contractor defendant why he should be discharged as a defendant is that plaintiff did not file the original claim against the contractor Roy L. Wade, or the contractor defendant and, therefore, the contractor defendant is not a proper party to the scire facias proceeding. Section 11 of the Act of June 4, 1901, P. L. 431, 49 PS §53, provides, inter alia, that the claim filed must name the claimant, the owner and the contractor. Section 8 of said act requires any subcontractor, intending to file a claim, to give written notice to the owner at least one month before the claim is filed and within three months after the last materials were furnished or work done. Nowhere in the Mechanic's Lien Act is a subcontractor required to file his claim against the contractor or to give the contractor notice of his intention to file a claim, nor of the actual filing of the claim as provided in section 21 of said act. Provision is made in section 9 for the owner to notify the contractor of the filing of the claim, but this provision is for the benefit of the owner if he desires to withhold payment to the contractor, and is not mandatory. It, therefore, follows that the claim filed in this instance is sufficient since the contractor is named in the body of the claim and notice of intention to file the claim and notice of the actual filing of the claim were given to the owner. The naming of

the contractor as a party to the claim was not necessary.

Since we have determined that it was unnecessary to file the mechanic's lien claim against the contractor defendant, the second reason assigned for discharging the contractor defendant as a party to this suit has no merit. There is nothing to be gained by filing the claim against the contractor since it is the structure and curtilage which is the primary object of the claim. It is true that the subcontractor could not file a claim after the six month's period expired, but in this instance the claim was filed against the owner within six months after the last materials were furnished. If the contractor was a necessary party to the claim, it would, of course, be too late to file a claim against him after the six month's period expired.

The real question before the court is whether the contractor defendant is a proper party to the scire facias proceeding. Under the Act of March 28, 1808, the contractor and the owner were necessary parties to the scire facias proceeding. The cases cited by the owner defendant in its brief were decided under the Act of 1808. The present Mechanic's Lien Act has no similar provision in it. However, the Act of 1901 clearly contemplates the contractor as a party in a scire facias sur mechanic's lien filed by a subcontractor. While the contractor may not be a necessary party, his joinder as a defendant is certainly permissive and the reasoning in Barnes v. Wright, 2 Wharton 193, for his joinder is persuasive. In addition, the rules of civil procedure clearly make possible the joinder of the contractor since he is the only party personally liable on the subcontractor's claim.

The contractor defendant has also assigned as a reason why he should be discharged as a party that the bankrupt has been discharged and is, therefore, beyond the reach of the trustee to compel him to assist

in the defense of this action. The discharge of a bankrupt merely releases him from personal liability on all his debts which are provable in bankruptcy: 11 U. S. C. §1 (15). The bankrupt, however, remains under the control of the bankruptcy court during the entire administration of the estate. It is certainly within the power of the trustee to compel the bankrupt to furnish whatever information may be necessary to file an affidavit of defense in this proceeding and to testify at the trial of this case.

The contractor defendant has complained that the owner defendant may secure a preference in the bankrupt estate of Roy L. Wade if judgment is obtained against the contractor defendant. This position is not sound since the section of the Act of 1901 which gave the right to enter a personal judgment against a contractor has been declared unconstitutional: Sterling Bronze Co. v. Syria Improvement Assn., 226 Pa. 475. In this proceeding plaintiff can only recover from the real estate described in the lien the net amount of his claim for materials furnished or work done in the construction of the building and dwelling on the owner's land. Any dealings plaintiff and the bankrupt had between them unrelated to the construction on the owner's land can have no bearing or effect on plaintiff's claim in this proceeding. It is only fair to all parties concerned, including the bankrupt's creditors, that the contractor defendant remain a party to the record in order that the rights and liabilities of all concerned be adjudicated in the trial of this case. No judgment can be entered against the contractor defendant. for failure to file an affidavit of defense: Voigtman & Co. v. S. R. Moss Cigar Co., 18 Dist. R. 729.

And now, April 6, 1956, for the foregoing reasons the rule granted to show cause why Austin E. McCollough, Esquire, trustee in bankruptcy for Roy L. Wade, should not be discharged as a defendant is dismissed.