# Tonge *v.* Item Publishing Company, Appellant.

*Corporations—Failure to record certificate—Liability of subscribers—Liability as partners—Act of April 29, 1874, P. L. 73— Fraud—Estoppel—Judgment against corporation—Individual liability—Practice, C. P.—Service—Execution—Amendments—Statute of limitations—Bill in equity.*

1. The recording of the certificate of incorporation "in the office for the recording of deeds, in and for the county where the chief operations are to be carried on" is made a condition precedent to corporate existence by the Act of April 29, 1874, P. L. 73, and when the business is conducted without the certificate having been recorded the subscribers conducting the business are liable as partners, and until the certificate of incorporation is filed such subscribers are not estopped from denying the existence of the corporation in a suit upon the subscription.

2. The doctrine of equitable estoppel by matter in pais requires that where the conduct of the party has been such as to induce action, by another, he shall be precluded from afterwards asserting to the prejudice of that other the contrary of that in which his conduct has induced belief. The element of fraud is essential, either in the intention of the party estopped, or in the effect of the

evidence which he attempts to set up. If the truth be known to both parties, or if they have equal means of knowledge, there can be no estoppel.

3. A bill in equity filed by the judgment creditors of an alleged corporation against certain subscribers and against the legal representatives of certain other subscribers to the capital stock of such alleged corporation, seeking to enforce the payment of stock subscriptions, should be dismissed where it appears that no organization of the proposed corporation was ever actually effected under the charter, that all the subscriptions were canceled and that the charter was never recorded in the office of the county where the business was to have been carried on.

4. While a suit against a partnership in the firm name only, without naming the individual partners, will support a verdict, and judgment, and execution against partnership property, such a judgment will not bind individually a partner not served with process in the action against the firm, nor can execution be issued against him.

5. Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action, or bring in a new party, or change the capacity in which he is sued.

6. An amendment which would change a judgment which had been entered against a corporation, to a judgment against individuals trading under a firm name, cannot be allowed before verdict and judgment, and the same result cannot be reached after judgment, by amending a creditor's bill, so as to convert it into a bill to subject individual property to execution under a judgment against the corporation.

Argued Jan. 8, 1914. Appeals, Nos. 205 and 207, Jan. T., 1913, by defendants, from decree of C. P. No. 3, Philadelphia Co., March T., 1911, No. 4384, in equity, requiring defendants to pay stock subscriptions in case of Henry Tonge and Rae Tonge, suing as well for themselves as for all other creditors of the Item Publishing Company, v. Item Publishing Company, Harrington Fitzgerald, Frances L. Fitzgerald, Executrix under the will of Hildebrand Fitzgerald, deceased, and J. Raymond Parke. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Bill in equity for discovery and accounting against

subscribers to shares of stock of a corporation.   Before
DAVIS, J.

The opinion of the Supreme Court states the facts.

The court, on final hearing, awarded the relief prayed
for.  Defendant appealed.

*Error assigned,* among others, was the decree of the
court.

*John G. Johnson,* with him *F. F. Brightly,* for Har-
rington Fitzgerald, appellant.

*G. W. Pepper,* with him *A. S. Weill,* for Frances L.
Fitzgerald, Executrix under the will of Hildebrand Fitz-
gerald, deceased, appellant.

*Joseph R. Embery,* for appellees.

OPINION BY MR. JUSTICE POTTER, March 16, 1914:

From the history of this case it appears that in Octo-
ber, 1906, Henry Tonge and Rae Tonge, his wife, brought
suit against "The Item Publishing Company" for dam-
ages previously sustained, by reason of injuries to the
wife through the negligence of the driver of a wagon,
who was engaged in delivering the newspaper known as
"The Philadelphia Item."   The suit resulted in verdicts
for plaintiffs.   Judgments were entered theron and no
appeal was taken therefrom.   Execution issued against
the corporate property of the Item Publishing Company
was returned "nulla bona."   The present bill in equity
was filed by the judgment creditors against certain sub-
scribers and against the legal representatives of certain
subscribers to the capital stock of a corporation which
it was proposed to organize in the year 1903 to be known
as "The Item Publishing Company," and payment of
the stock subscriptions then made was sought to be en-
forced.   It appeared, however, that no organization of
the proposed corporation was ever actually effected

under the charter, and that all the subscriptions were cancelled, and that the charter was never recorded in the recorder's office of the County of Philadelphia, where the business was to have been carried on. In Guckert v. Hacke, 159 Pa. 303, this court said: "It is plain even from a cursory reading of the Act of April 29, 1874, P. L. 77, that recording of the certificate 'in the office for the recording of deeds, in and for the county where the chief operations are to be carried on,' was intended to be made one of the conditions precedent to corporate existence. That was the last of successive steps required to be taken, and the right to begin the transaction of corporate business was made to depend upon the taking of that step. 'From thenceforth,' the act expressly declares, the subscribers and their associates and successors, 'shall be a corporation for the purposes and upon the terms named in the said charter.' One of the purposes of the act being exemption from personal liability in the transaction of business, it is obviously material that the public should have notice, and notice by record was accordingly prescribed. Failure to record was failure to comply with one of the express conditions of incorporation, and consequently an exemption from liability." In N. Y. Nat'l. Exch. Bank v. Crowell, 177 Pa. 313 (323); Guckert v. Hacke was expressly reaffirmed and followed. It is apparent therefore that the business of The Item Publishing Company, was not carried on as a corporation, but as a partnership. Appellees would without doubt have had a right of action against appellants as partners, but they chose rather to sue The Item Publishing Company as a corporation. The judgment which they obtained may be considered as establishing it as a corporation de facto, but that is not sufficient to sustain a bill in equity against the subscribers to the capital stock of the proposed corporation, to compel payment of the subscriptions. In Hahn's Appeal, 3 Sad. 10, which was a bill in equity by creditors of a corporation to enforce stock subscriptions Mr.

Justice TRUNKEY said (p. 12) : "There is no reason for holding that the creditors have any better rights in equity against the subscribers of the new shares than belonged to the company itself." Until the statutory requirements for the formation of a new corporation have been complied with, a subscriber to the stock is not estopped from denying the existence of the corporation. In Cook on Corporations (7th Ed. 1913) section 186, it is said: "There is one class of cases in which a subscriber for stock is always allowed to make the defense (to an action to collect the subscription for the benefit of corporate creditors) that the corporation has not been regularly and legally incorporated. Where the subscriber made his contract of subscription previous to and in anticipation of the incorporation, and does not by his subsequent acts acquiesce in the mode of incorporation, he may set up that the corporation has not been incorporated and that he is not liable. The rule that a person contracting with a corporation recognizes thereby its capacity to contract, and cannot afterwards deny it in that transaction, does not apply to one who subscribes before incorporation. He may insist upon the organization of a regular and legal corporation."

In 1 Morawetz on Private Corporations (2d Ed. 1886), section 67, it is said: "Every subscription by implication refers to and incorporates the terms of the charter or general law under which the corporation is to be formed; and every subscriber agrees to become associated with the others only upon condition that the formalities prescribed by the charter shall be observed in making the mutual contract. Thus, if certain preliminaries, such as the filing of a certificate, are required to be performed after the articles of association have been subscribed, but before the corporation shall be in existence, the contract of membership does not go into effect until these formalities are complied with; and a subscriber to the articles cannot until then be made to contribute the amount of his subscription."

In 4 Thompson on Private Corporations (2 Ed. 1909), section 3854, it is said: "The rule is that a subscription to preliminary articles of association, not purporting to be a contract with an existing corporation does not estop the subscriber from afterwards denying the legal existence of the corporation in a suit upon the subscription."

The trial judge however reached the conclusion that "The defendants are estopped from denying the corporate existence of The Item Publishing Company." He evidently based this conclusion on two findings of fact. First, that from 1903 until 1908 the Item newspaper contained a notice that all communications should be addressed to The Item Publishing Company. Secondly, that upon the various trials of the suit at law for damages, the company appeared, was represented by counsel, and made defense to the claims of plaintiffs. Reference to the first finding of fact, shows that in the published notice, there is no statement that The Item Publishing Company is a corporation. The mere fact that it is called a company, is not conclusive, as it was quite possible for a partnership to do business under the name company. Then in his twelfth finding of fact, the trial judge uses this expression: "Led by the above quoted announcement to believe that the publishers of the paper and owners of the wagon were incorporated." The announcement to which reference is made, however, contains no mention of the existence of a corporation, and we are at a loss to see how any one could have been led by it to believe that The Item Publishing Company was necessarily a corporation. Referring to the evidence, it appears that at the time of the trials, Hildebrand Fitzgerald was dead. Harrington Fitzgerald was present at the trials, and apparently was active in the defense. He testified that no such corporation as was in question, was in existence, and he cannot now therefore be held to be estopped by anything which he said in this respect at the trials; the result of those

trials can only be regarded as establishing the existence of a corporation de facto. It would appear therefore that the court below erred in concluding upon any ground, that defendants were estopped from denying liability for their stock subscriptions.

It is argued on behalf of the appellant, Frances L. Fitzgerald, executrix, that defendants were estopped not from denying liability on their stock subscriptions, but from denying liability as executors, or individuals, and partners. This argument seems to be based on the assumption that plaintiffs were "misled into the belief" that defendants were incorporated. No testimony is pointed out which indicates that they were so misled, and we do not find any such evidence in the record, unless it be in the fact, which is conceded, that the defendants printed in their newspaper a notice that all communications should be addressed to The Item Publishing Company: but as we have said, there was no statement in this notice that the company was a corporation, and the notice was not in itself inconsistent, with the fact that the concern was conducted as a partnership. The plain requirement of the Act of 1874 is, that the certificate of incorporation shall be recorded in the recorder's office in the county where the business is to be carried on. If the record in that office had been examined in behalf of plaintiffs before commencing suit it would have readily appeared whether or not such a corporation as "The Item Publishing Company" was in existence. Such an examination would have shown that an essential statutory requisite to the existence of such a corporation had been omitted, in that no certificate of its incorporation had been recorded, and it would follow, that the subscribers to the stock were not liable on their subscriptions. If they were carrying on the business as a corporation de facto, they would be liable as partners: Guckert v. Hacke, 159 Pa. 303; but they were not sued as such, and no service of process was made upon them individually. In Hill v. Epley, 31 Pa.

331, a leading case on the subject of estoppel, Mr. Justice STRONG said (p. 333) : "The doctrine of equitable estoppel by matter in pais, has doubtless been greatly extended by the courts in modern times, yet, it is not entirely without limits, and it professes to be founded upon the principles of natural justice. The general principle is, that where the conduct of the party has been such as to induce action, by another, he shall be precluded from afterwards asserting to the prejudice of that other, the contrary fact of that of which his conduct has induced the belief. The primary ground of the doctrine is, that it would be a fraud in a party to assert what his previous conduct had denied, when on the faith of that denial others have acted. The element of fraud is essential, either in the intention of the party estopped, or in the effect of the evidence which he attempts to set up.......If, therefore, the truth be known to both parties, or if they have equal means of knowledge, there can be no estoppel. Accordingly, it has been held that one is not relieved, who had the means of becoming acquainted with the extent of his rights: Crest v. Jack, 3 Watts 240; Hepburn v. McDowell, 17 S. & R. 383; and in Knouff v. Thompson, 16 Pa. 361, it was ruled, that silence does not estop when the party's deed is on record. It should never be forgotten, that there is a wide difference between silence and encouragement." In Brandmeier v. Coal Co., 219 Pa. 19, our Brother BROWN said (p. 22) : "If the real truth had been known to both parties or if their means of knowledge had been equal, there would be no estoppel." In the present case there is no evidence that defendants actively induced the plaintiffs to believe that they were incorporated, and it is apparent that the plaintiffs had the means of ascertaining the truth of the matter, by consulting the record, and for their own protection it was clearly their duty to do so. The opportunity for ascertaining whether or not the certificate of incorporation had been recorded was open. Therefore under the authority of

these decisions there can be no estoppel upon the ground suggested.

Reference is made by counsel to "a judgment recovered against several in a common name." We do not, however, find any such judgment in the damage suit. The judgment which was recovered by plaintiffs was against the corporation. No individuals were named as defendants and none were served with process. We find nothing in the record to justify the statement that the judgment obtained was "against several in a common name." A suit against a partnership in the firm name only, without naming the individual partners, will support a verdict, and judgment, and execution against partnership property: Seitz v. Buffum, 14 Pa. 69; McDonald v. Simcox, 98 Pa. 619; Moore v. Moore, 153 Pa. 495. But such a judgment will not bind individually a partner not served with process in the action against the firm, nor can execution be issued against him. See 2 Troubat & Haly's Practice, section 2145, and cases there cited. In 30 Cyc. L. & Pr. 560, the rule is thus stated: "Except where it is otherwise provided by statute, a suit cannot be brought by or against a partnership in the firm name alone, but it is necessary that the name of each member of the firm should be set forth." And in 1 Black on Judgments (2d Ed. 1902) section 237, the same rule appears. It is there said: "At the common law, where a partnership is sued, each member of the firm must be brought within the jurisdiction of the court by due citation. Hence, where an action is instituted against several persons constituting a partnership, and one partner is not served with process, and judgment is rendered against them all, such judgment will be voidable so far as concerns the partner who was not served."

Another suggestion which does credit to the sense of fairness of counsel for appellant, Frances L. Fitzgerald, executrix, is, that a liberal right of amendment might enable plaintiffs to convert their creditors' bill into a

bill to subject individual property to execution under the judgment against the corporation. No authority is, however, cited in support of the right of the court below to decree "an equitable execution" against the property of the individual defendants. In Girardi v. Lumber Co., 232 Pa. 1, it was said, per curiam: "This appeal is from an order discharging a rule to amend the record by making new parties defendants after the statute of limitations had become a bar to a new action. The action was brought against the Laquin Lumber Company, a corporation. The amendment proposed was to name as defendants a partnership, composed of six persons, trading as the Laquin Lumber Company. The allowance of the amendment would have brought new parties on the record. Under the rule established by our cases this cannot be done. Where the statute of limitations has run, amendments will not be allowed, which introduce a new cause of action or bring in a new party, or change the capacity in which he is sued. If the effect of the amendment is to correct the name under which the right party is sued, it will be allowed; if it is to bring in a new party it will be refused: Wright v. Copper Co., 206 Pa. 274." The cases cited related to pending actions, in which no judgment had been entered. The principle applies more forcibly to a case like the present, where judgment had been entered against the alleged corporation. The effect of the amendment suggested would be to change the judgment which has been entered against the corporation, to a judgment against individuals trading under the firm name. As such an amendment could not have been allowed in the original suit, before verdict and judgment, the same result cannot be reached after judgment, by amending the present bill. According to the contention of appellants the business of publishing The Item was carried on solely by the estate of Thomas Fitzgerald, deceased; and if so it was to that estate, that appellees should have looked for damages, instead of to any corporation or partnership. If such was the

case, it is possible that the appellees may be able to obtain relief by the presentation of their judgment in the Orphans' Court, which has jurisdiction of the accounts of the executors of that estate. Our decision here is without prejudice to any right that appellees may have to appeal to that tribunal, to substantiate their claim, if it be possible for them to do so. But in the present case, however much we may regret the fact, we are unable to discover any ground upon which the court below, sitting in equity, can grant the relief for which complainants have prayed in this bill.

The decree of the court below is reversed, and the bill is dismissed. The costs of this appeal to be borne by appellants.