# Peerless Oil Company v. Michaels et al., trading as the Lackawanna Trucking Company.

*Corporation — Debts — Individual liability — Affidavit of defence — Sufficiency—Estoppel.*

1. By becoming owner of the stock of a corporation having a charter duly granted and recorded, no personal liability is incurred for the acts of the corporation in the continuance of its business. The owner of the stock of a corporation does not own the corporate property and the shares are distinct and different from the property of the company.

2. A change of name does not relieve a corporation from its former liability, nor can it have any effect upon its existence or identity; a corporation being one and the same entity, notwithstanding the change of name.

3. The Act of April 22, 1903, P. L. 251, requires the certificate granted by the Secretary of the Commonwealth authorizing a change of name to be recorded in the office of the recorder of deeds in and for the proper county where the principal office or place of business is located. The use of the new name is not permitted until this has been done. Failure to observe the requirements of the act may impose personal liability for debts upon stockholders.

4. A defendant does not waive his legal defence by introducing matters of fact in an affidavit of defence. Where there is a question of fact raised, it is a matter for a jury to determine.

5. Where plaintiff dealt with defendants knowing that the business was conducted by a corporation, he is estopped from claiming against them in any other capacity.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lackawanna Co., Oct. T., 1925, No. 642.

*R. E. Dolphin,* for plaintiff; *C. B. Little,* for defendant.

Peerless Oil Company *v.* Michaels et al., trading as Lackawanna Trucking Co.

BARBER, P. J., 56th judicial district, specially presiding, April 8, 1926.—In this suit, plaintiff, a foreign corporation, seeks to recover from R. W. Michaels, S. V. P. Quackenbush, D. C. Prevost and L. P. Stark, individually and as copartners, trading as the Lackawanna Trucking Company, defendants, upon a book account for goods sold and delivered at defendants' instance and request between Jan. 1 and Nov. 20, 1924.

To plaintiff's statement of claim defendants filed an affidavit of defence denying their association in the partnership relation alleged, under the designation of the Lackawanna Trucking Company or any other name, and allege:

1. The only relation sustained was a corporate relation as officers and stockholders of a certain corporation, known as the Scranton Parcel and Passenger Delivery Company, incorporated under a charter granted Oct. 15, 1914, duly recorded in the office for the Recorder of Deeds in and for Lackawanna County.

2. That from the date of said incorporation to Sept. 29, 1923, the stockholders of said corporation were David T. Brown, Thomas E. Howess and William King.

3. That on or about Sept. 29, 1923, D. C. Prevost, one of the defendants, acting for himself, and the other three defendants purchased all the capital stock of said corporation for the purpose of reorganizing the same, which reorganization became effective Jan. 4, 1924.

4. The statement of claim sets forth that gasoline and oil were sold, but does not state the time when the goods were purchased, nor the amounts. The copy of the book account attached ("Exhibit A") names only two of the four defendants, trading as the Lackawanna Trucking Company, and merely gives a list of the dates from Jan. 1 to Nov. 20, 1924, with certain figures opposite each of these dates, and after the last date 1884.19, followed by certain dates beginning June 9th and ending Nov. 18th, with certain figures opposite each date, and below the last 803.21, the amount sought to be recovered. If the last series represents credits, there is nothing to indicate this or the aggregate of credits.

5. In the 9th paragraph of the affidavit of defence defendants allege, "said plaintiff, during said period from Sept. 29, 1923, until said Jan. 4, 1924, did sell and deliver to said corporation, to wit, the Scranton Parcel and Passenger Delivery Company, under the *alias* of the Lackawanna Trucking Company, the goods and merchandise for which plaintiff claims in this suit, in the items set forth in the alleged copy of the book account designated 'Exhibit A,' attached to plaintiff's statement, being an alleged balance of $74.65, constituting the first item in said Exhibit A, and the items under dates of Jan. 1, 2, 3 and 4, 1924," and in the 11th paragraph that said items have been fully paid, delivery being admitted.

Turning to the copy of the book account attached (Exhibit A), we find no charges prior to Jan. 1, 1924. The figures opposite the dates from Jan. 1 to Jan. 26, 1924, aggregate $74.65, which total is carried forward to the top of the second column and would appear to be included in the total of $1884.19. As we are not called upon to determine the amount due, we merely call attention to the discrepancy in disposing of the 9th and 11th paragraphs of the affidavit of defence.

6. Following the purchase of the stock of said corporation by Mr. Prevost, the defendant effected a reorganization by electing three of the defendants directors in place of the three above named, and by electing one of the new directors president, one treasurer and the third secretary.

7. In the 13th paragraph of the affidavit defendants aver that from and after Jan. 4, 1924, "the only business dealings that the defendants, or any of them, had with the plaintiff was as officers and stockholders of said corporation," and none of the goods for whose value plaintiff brings suit were delivered to defendants as individuals or as partners.

8. On Jan. 4, 1924, the Scranton Parcel and Passenger Delivery Company by corporate action resolved to change its corporate name to that of the Lackawanna Trucking Company, which was duly effected on June 11, 1924, and on that date a certificate allowing the change was duly issued by the Secretary of the Commonwealth.

9. The 15th and 16th paragraphs of the affidavit aver that from Sept. 29, 1923, to June 11, 1924, the Scranton Parcel and Passenger Delivery Company operated and carried on its business under the name of the Lackawanna Trucking Company, and that during this time all deliveries of goods were made by plaintiff to said corporation under said *alias*, and that after June 11, 1924, the said corporation continued to carry on its business under the name of the Lackawanna Trucking Company, and all deliveries of goods were made to the newly-named corporation.

10. And in the 10th paragraph, that, during their mutual dealings, plaintiff well knew the Lackawanna Trucking Company was an *alias* for the corporation known as the Scranton Parcel and Passenger Delivery Company, and that plaintiff did not deal with or deliver goods to defendants as individuals or partners.

11. And in the 22nd paragraph, that all the items from which plaintiff claims were sold upon orders received from one L. V. Decker, as manager of said corporation, and that all plaintiff's dealings were with said manager.

12. In the 21st paragraph it is denied that the copies of the book entries attached to plaintiff's statement are true copies of the original entries in plaintiff's books of account, purporting to charge defendants named, trading as the Lackawanna Trucking Company, followed by an averment that these same items were charged to the Lackawanna Trucking Company as a corporation.

13. In the 17th paragraph of the affidavit it is stated that plaintiff, on Dec. 20, 1924, brought suit against the Lackawanna Trucking Company, as a corporation, upon the same claim sought to be recovered in this suit, obtained judgment for want of an affidavit of defence in the sum of $814.32, issued execution thereon, but failed to obtain satisfaction because the said corporation had become insolvent, and thereupon instituted the present proceedings.

## Discussion.

This is a rule for judgment for want of a sufficient affidavit of defence, which contains statements and answers to questions of fact, and also raises questions of law.

"A defendant does not waive his legal defence by introducing matters of fact in the affidavit of defence:" Jackson v. Myers, 260 Pa. 488.

Neither the sales and delivery of the goods nor their value is questioned. The single question for determination is liability, individual or corporate, plaintiff contending the former, defendants the latter. As sustaining their contention, defendants point to a charter duly granted and recorded in 1914 incorporating the Scranton Parcel and Passenger Delivery Company, and alleging a purchase on Sept. 29, 1923, by or for the defendants, of all the

corporate stock of this corporation, and a continuance of its business under the name of the Lackawanna Trucking Company, in charge of one L. V. Decker as manager. It should be noted that at this time no change occurred in the business and officers or the management of the corporation. By becoming owner of all the stock defendants incurred no personal liability for the acts of the corporation in the continuance of its business. If the business was carried on by defendants as individuals, a different question would arise.

"The shares of the capital stock of a corporation are essentially distinct and different from the corporate property, and the owner of all the stock of a corporation does not own the corporate property or become entitled to manage or control it:" Ambridge Borough v. Philadelphia County, 283 Pa. 5.

It should be borne in mind in this suit we have but a single corporate body doing business under two names.

"It is evident that a mere change of the name of a corporation can have no effect upon its existence or identity or upon rights flowing either to or from it, a corporation being said to be one and the same entity notwithstanding the change of its name. The mere change of a name does not create a new corporation. Thus a change of name does not relieve a corporation from its former liability:" Thompson on Corporations (2nd ed.), 60; 14 Corpus Juris, 321.

"The name of a corporation is a necessary part of its charter, without which it can no more exist than it can exist without officers, corporate succession or any other property essential to its nature. The name is an indispensable part of the constitution of every corporation, the knot of its combination, as it has been called, without which it cannot perform its corporate functions. This name is conferred by the charter and cannot be changed without an alteration of the charter. A general power to alter or amend a charter is a power to alter or amend any part of the charter, and necessarily includes the power to alter the name which is a part of the charter:" Thayer, P. J., In re Fidelity Mutual Aid Ass'n, 12 W. N. C. 269, cited in B. & L. Ass'n v. B. & L. Ass'n, 159 Pa. 310.

"The name of a corporation is 'the very being of its constitution, the knot of its combination, without which it could not perform its corporate functions:' Smith, Merc. Law (3rd ed.), 141. 'When a corporation is created, a name must be given to it, and by that name alone must it sue and be sued and do all legal acts:' 1 Bl. Comm., 474. 'The law knows a corporation only by its corporate name:' Walk. Am. Law (9th ed.), 232," Cincinnati Cooperage Co. v. Bate et al., 96 Ky. 356, 26 S. W. Repr. 538.

On Jan. 4, 1924, a new board of directors and new officers were elected, who continued the business of the corporation under the *alias*, as it is termed in the affidavit of defence.

"The name of a corporation, in many respects, is not essentially different from the name of an individual; and a corporation, like a person, may be known by more than one name. The law does not limit either the corporation or persons dealing with it always to the use of one particular name. It seems, therefore, to be an established rule that a corporation may have several names and that it may sue and be sued under any one of them:" Thompson on Corporations (2nd ed.), § 55; 14 Corpus Juris, 325.

"And it has been held that a contract made with a corporation under an assumed name can be enforced by either party, and especially so where the identity of the corporation is established by the proof:" Thompson on Corporations (2nd ed.), § 58.

Peerless Oil Company *v.* Michaels et al., trading as Lackawanna Trucking Co.

The result of the change of the name was only a continuance of the corporate existence under a new designation, provided the directions of the statute were complied with.

Section 3 of the Act of April 29, 1874, P. L. 76, provides: "The said original certificate, with all of its endorsements, shall then be recorded in the office for the recording of deeds in and for the county where the chief operations are to be carried on, and from thenceforth the subscribers thereto, and their associates and successors, shall be a corporation for the purposes and upon the terms named in the said charter."

"One of the purposes of the act being exemption from personal liability in the transaction of business, it is obviously material that the public should have notice, and notice by record was accordingly prescribed. Failure to record was failure to comply with one of the express conditions of incorporation, and, consequently, of exemption from liability:" Guckert *v.* Hacke, 159 Pa. 303, 306.

"The recording of the certificate of incorporation 'in the office for the recording of deeds in and for the county where the chief operations are to be carried on' is made a condition precedent to corporate existence by the Act of April 29, 1874, P. L. 73, and when the business is conducted without the certificate having been recorded, the subscribers conducting the business are liable as partners:" Tonge *v.* Publishing Co., 244 Pa. 417.

There appear to be two acts regulating the procedure for a change of corporate name.

The Act of April 22, 1903, P. L. 251, "regulating the change of corporate titles," provides: "That any corporation required to record the original certificate of incorporation in the office for the recording of deeds shall, before being entitled to use the new corporate title, record in the office for the recording of deeds where the original certificate of incorporation was recorded the said certificate granted by the Secretary of the Commonwealth authorizing the use of the new corporate title."

The Act of March 31, 1905, P. L. 93, amending section 3 of the Act of June 13, 1883, P. L. 122, entitled "A supplement to the Act of April 29, 1874," provides: "The said certificate shall then be recorded in the office of the Secretary of the Commonwealth, and with all its endorsements shall then be recorded in the office for the recording of deeds in and for the proper county where the principal office or place of business of said corporation is located; and from thenceforth the same shall be deemed and taken to be a part of the charter or instrument upon which said corporation is formed or established to all intents and purposes as if the same had originally been made a part thereof."

Plaintiff's statement alleges a delivery of goods to defendants as individuals and copartners; the affidavit of defence, a delivery to a corporation. The burden is, therefore, upon defendants seeking exemption from personal liability to show compliance with statutory requirements, not an attempt in a collateral proceeding to attack the regularity of the proceedings in the formation of the corporation.

Until the original certificate is recorded in the proper office, the subscribers do not become a corporate body. The Act of April 22, 1903, P. L. 251, does not permit the use of the new name until the certificate granted by the Secretary of the Commonwealth authorizing a change of name is recorded in the same office as the original certificate of incorporation. The Act of March 31, 1905, P. L. 93, follows the language of the Act of 1874 in relation to the

recording of the certificate authorizing a change of name. The recording of this latter certificate is not alleged in the affidavit of defence, and from the fact that counsel for defendants contend that such recording is not necessary for a continuance of the corporate existence, we assume that the certificate of the Secretary of the Commonwealth allowing a change of name was not recorded.

In the 16th paragraph of the affidavit defendants admit that, subsequent to June 11, 1924, all deliveries of goods were made to the Lackawanna Trucking Company. It would seem, therefore, to logically follow that if the new corporate name cannot be used until the certificate is recorded, as provided in the Act of 1903, or that from the date of the recording of such certificate the subscribers are a corporate body under the new name, as provided in the Act of 1905, the parties doing business under that name could not, at least after June 11, 1924, claim exemption from individual liability by reason of their failure to record the certificate, unless plaintiff is estopped.

"It is essential to the creation of the corporation under an enabling statute that all material provisions should be substantially followed; and exemption from personal liability being one of the chief characteristics distinguishing corporations from partnerships and unincorporated joint-stock companies, it follows that those who transact business upon the strength of an organization which is materially defective are individually liable, as partners, to those with whom they have dealt:" Guckert v. Hacke, 159 Pa. 303, 306.

"It may be conceded that, had plaintiff dealt with defendants as a corporation, he would have been estopped from claiming against them in any other capacity, even though they failed to record their charter:" Guckert v. Hacke, 159 Pa. 303, 307, citing Spahr v. Bank, 94 Pa. 429.

If it be true, as stated in the 10th paragraph of the affidavit, that from Sept. 29, 1923, to Jan. 4, 1924, plaintiff well knew that the Lackawanna Trucking Company was an *alias* for the Scranton Parcel and Passenger Delivery Company, then, as to the items charged and delivered prior to Jan. 4th, there could be no recovery against defendants as individuals.

If it also be true, as stated in the 13th paragraph of the affidavit, that after Jan. 4, 1924, "the only business dealings that the defendants, or any of them, had with the plaintiff was as officers and stockholders of said corporation," and that plaintiff knew the business was being conducted by the corporation prior to June 11th under another name, then plaintiff would be estopped from claiming against defendants as individuals.

"The element of fraud is essential, either in the intention of the party estopped or in the effect of the evidence which he attempts to set up. If the truth be known to both parties, or if they have equal means of knowledge, there can be no estoppel:" Tonge v. Publishing Co., 244 Pa. 417.

The bringing of a prior suit against the Lackawanna Trucking Company, as a corporation, for this claim, and whether the copy of the book account attached to the plaintiff's statement will sustain the claim, as well as the relationship of Mr. Decker to the parties, will all be matters for the consideration of the jury at the trial.

Whatever may be the law of the case, these questions of fact require a submission to a jury, and cannot be determined upon by the present rule, which must, therefore, be discharged.

And now, April 8, 1926, the rule entered Aug. 26, 1925, to show cause why judgment should not be entered in the above entitled case for want of a sufficient affidavit of defence is discharged.

From William A. Wilcox, Scranton, Pa.